OVERTON, Justice.
This is an appeal from a county court judgment expressly upholding the constitutionality of a special law prohibiting net or seine fishing in certain parts of St. Johns County. We have jurisdiction.[1]
We reverse and hold the law unconstitutionally vague for failure to specifically identify the prohibited fishing areas.
The relevant facts in the record reflect that appellants were charged by count one of the information with fishing or causing to be fished a net or seine within one mile of Matanzas Inlet in violation of section 4 of chapter 31233, Laws of Florida (1955). By count two of the information, appellants were charged with fishing or causing to be fished a net or seine more than 1100 feet in length within one-fourth mile of the shoreline within St. Johns County in violation of section 5 of chapter 31233, Laws of Florida (1955). A jury convicted the appellants of the first count of the information but acquitted them of the second. The defendants were each sentenced to serve thirty days in the St. Johns County jail and to pay a fine of $350. Prior to trial, the appellants had filed a motion to dismiss the information because section 4 of the act was unconstitutionally vague. The trial judge expressly denied this motion.
Section 4 of chapter 31233, Laws of Florida (1955), provides as follows:
It shall be unlawful for any person, firm or corporation to fish, or cause to be fished, any type of net or seine except common cast net within one mile measuring north or south of any inlet within the boundaries of St. Johns County.
A plain reading of this section requires us to agree with appellants’ challenge to this law. In our view, the average person simply cannot readily identify the boundaries of the protected area. Unlike other sections of chapter 31233, section 4 fails to delineate an eastern boundary. For example, section 5 proscribes certain activities “within one-quarter (Vi) mile of the shore line of St. Johns County.” Section 7 prohibits other activity “within one-half mile of the eastern shore line of St. Johns County.” The definitional problem is further compounded by section 1 of the act, which describes the terms “inside salt waters” and “outside salt waters.” Section 4 makes no reference to either of these definitions. Fishermen cannot be required to guess at the location of protected fishing areas. We therefore hold section 4 of chapter 31233 to *1016 be unconstitutionally vague. The other sections of the act were not in issue in these proceedings and are not affected by this decision.
The convictions of appellants are reversed, and their sentences are vacated.
It is so ordered.
ENGLAND, C. J., and ADKINS, SUND-BERG, HATCHETT and ALDERMAN, JJ., concur.
BOYD, J., dissents.

. Art. V, § 3(b)(1), Fla.Const.